**Hansee Fernando Solorzano FLORIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72271.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2004.*

Decided April 26, 2004.

Howard Johnson, Los Angeles, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security San Francisco, CA, Ernesto H. Molina, Jr., Nelda C. Reyna, Esq., U.S. Department of Justice, Civil Div./Office of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

### MEMORANDUM **

Hansee Fernando Solorzano Florian, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Meza–Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that petitioner failed to establish past persecution. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Petitioner's testimony that on one occasion he was kicked by an unidentified, armed individual does not compel a finding of past persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (denying asylum where petitioner was hit and kicked while detained at police station).

Likewise, substantial evidence supports the IJ's finding that petitioner failed to establish a well-founded fear of persecution on account of an enumerated ground. *See Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993).

■ Because petitioner failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent stan-

dard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, petitioner's contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft*, No. 03–70477, petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.[1]**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to address petitioner's contentions that he was deprived of due process first

by being tricked by a notary public and second, by a change in the time of his merits hearing because petitioner failed to administratively exhaust these claims with the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).